IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| PATRICIA CALLES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | 2:16-cv-8149-LSC |
| | ) | (2:13-cr-538-LSC-HGD-1) |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OF OPINION**

Patricia Calles ("Calles") has filed with the Clerk of this Court a motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255. (Doc. 1.) The Government has responded in opposition to Calles's motion. (Doc. 3.) For the following reasons, the motion is due to be denied.

**I.     Background**

Calles pled guilty to unlawful distribution of methamphetamine (aiding and abetting) in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. This Court sentenced her to 23 months' imprisonment. Judgment was entered on March 9, 2016. Calles did not appeal, but she filed the instant motion on September 12, 2016.

**II.    Discussion**

Calles argues that the Court should have deducted two points from her offense level per U.S.S.G. § 3B1.2 to reflect her minor role in a methamphetamine-trafficking offense.

However, Calles waived her right to seek such relief in her plea agreement. Where a defendant has expressly waived the right to an appeal or to mount a collateral attack as part of a plea agreement, such a waiver is generally enforceable, consistent with its terms, where entered into knowingly and voluntarily. *See Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005); *United States v. Bascomb*, 451 F.3d 1292, 1294 (11th Cir. 2006). To establish that the waiver was made knowingly and voluntarily, the Government must show either that (1) the court specifically questioned the defendant about the waiver during the plea colloquy, or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver. *United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993).

Calles does not argue that she signed her plea agreement unknowingly or involuntarily. Indeed, Calles submitted a plea agreement to this Court on October 7, 2015. She signed the agreement on pages 6, 10 (after the waiver language), and 18, and initialed each page. On November 17, 2015, she submitted to the Court a

signed and initialed Guilty Plea Advice of Rights Certification that made numerous references to the plea agreement.

The waiver provisions in Calles's plea agreement appear on pages 8-10. She specifically waived her right to challenge, in a § 2255 motion, her prison sentence or the manner in which it was determined. While she reserved her right to contest her sentence in a post-conviction proceeding in three narrow instances: (1) if the sentence exceeded the applicable statutory-maximum sentence; (2) if it exceeded the Guidelines sentencing range determined by the Court; or (3) in the event of ineffective assistance of counsel, none of those three circumstances encompasses the relief she seeks here. First, Calles faced a maximum prison sentence of 20 years for methamphetamine trafficking. The Court sentenced her to 23 months. Second, this sentence was also well below her 46-to-57-month Guidelines range. Third, Calles does not allege that her defense attorney was ineffective. Because Calles's § 2255 motion instead focuses on one issue: whether the Court should have deducted two points from her offense level per U.S.S.G. § 3B1.2 to reflect her minor role in her methamphetamine-trafficking offense, and because this subject does not fall into one of the three narrow circumstances in which Calles reserved her right to appeal, she has waived her right to the post-conviction relief she seeks.

Even if Calles had not waived her right to seek this relief, she actually received the benefit of U.S.S.G. § 3B1.2, which is the only relief she seeks in her motion. In Calles's plea agreement the parties agreed that the Government would not oppose a reduction in her sentencing range under U.S.S.G. § 3B1.2 due to her minor role in her offense. At sentencing, the Court calculated Calles's offense level at 23 and her Guidelines range at 46-57 months. Also at sentencing, defense counsel and the Court specifically discussed the application of U.S.S.G. § 3B1.2 to Calles's Guidelines range. (*See* doc. 3-1 at 5 (Defense Counsel: "She also received an adjustment under 3B1.2B. The Court did accurately state the guideline range but I just wanted the record to reflect that she also will receive that."). The Court then varied downward, sentencing Calles to only 23 months in prison—half of the range. Because Calles actually received the benefit of U.S.S.G. 3B1.2, her request for relief would be due to be denied had she not waived her right to raise it in her plea agreement.

## III. Conclusion

For the reasons stated above, the § 2255 motion is due to be denied. Additionally, this Court may issue a certificate of appealability "only if the applicant has a made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a "petitioner must demonstrate

that reasonable jurists would find the district court's assessment of the constitutional claims debatable and wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). Calles's does not satisfy either standard. Accordingly, insofar as an application for a certificate of appealability is implicit in Calles's motion, it is due to be denied.

A separate closing order will be entered.

**DONE** AND **ORDERED** ON MAY 8, 2017.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

160704